No.  96-695

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

In the Matter of THE APPOINTMENT OF
A GUARDIAN AD LITEM AND
CONSERVATOR FOR LAUREN
WATSON,  JAMES WATSON,
HOLLAND WATSON, and DURBIN
WATSON,
Protected Persons.

APPEAL FROM:      District Court of the Eighth    Judicial District,
In and for the County of Cascade,
The Honorable John R. Christensen, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Micheal F. Lamb, John A. Kutzen, Thueson & Lamb, Helena, Montana

For Respondent:

John C. Hoyt, Hoyt & Blewett, Great Falls, Montana

Submitted on Briefs: April 3, 1997

Decided:   June 3, 1997
Filed:

_____
Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Appellant James Watson (Watson) appeals the decision of the Eighth Judicial District Court, Cascade County, denying his petition for appointment of himself as conservator and guardian ad litem, and granting the petition of his ex-wife Tanara Martin (Martin) for appointment of herself as conservator and guardian ad litem of the couples' four minor children (the children).  We affirm.

## ISSUE

The sole issue presented on appeal is whether the District Court abused its discretion in concluding that Martin was not subject to an inherent conflict of interest between her husband and her children, that would preclude her from serving as the children's conservator and guardian ad litem.

## FACTS

Watson and Martin were divorced in November 1993 and agreed to joint custody of their four children.  In September 1994, Martin married her present husband, Tony Martin, who is employed by the Willow Creek Ranch (the ranch) in Belt, Montana, as a ranch manager.  Following her marriage, Martin moved with her four children to the ranch.  The ranch, as Tony Martin's employer, provided housing, utilities, and one-half beef a year to the Martin family.

On December 8, 1995, Martin requested that a ranch hand named Brent Wood (Wood) pick up the children from school in Belt and give them a ride back to the ranch. During the trip back, the pickup truck driven by Wood was involved in a one-vehicle accident which  resulted in injuries to all the children.  The parties agree that Wood was acting within the course and scope of his employment at the time the accident occurred, and further agree that the pickup truck in question was owned and insured by the ranch. The parties also agree that the ranch has approximately $800,000 of available insurance coverage.

The oldest Watson child, Lauren, was most grievously injured in the accident. Her injuries required her to remain in the hospital for over seven weeks and undergo at least nine operations.  The medical expenses incurred by her alone have totaled approximately $200,000 thus far, and she may require additional treatment in the future because the  accident left her permanently handicapped.  Given the nature of Lauren's injuries alone, the parties agree that the expenses and damages incurred by the four children could exceed the limits of the insurance.  While no lawsuit has thus far been filed, the parties do not rule out the possibility that one may be filed in the future.  Any such law suit would likely seek to recover damages from the ranch, which directly employs Martin's husband and provides to him the home in which the family lives.

In  March 1996, Watson petitioned the District Court for his own appointment

as guardian ad litem and conservator for the children.  Martin opposed his petition and cross-petitioned for her own appointment.  After a hearing, the District Court concluded that Martinþs status as the wife of the ranchþs manager did not create an untenable conflict of interest which would prohibit her from satisfactorily carrying out her fiduciary duty to the children as their guardian ad litem and conservator.  The District Court further found her to be a better candidate for guardianship and conservatorship based upon her long history of involved and loving parenting.  It therefore granted her petition and simultaneously denied Watsonþs petition.  Watson appeals, asserting that Martinþs situation constitutes an inherent conflict of interest which serves, as a matter of law, to preclude her appointment as conservator and guardian ad litem.

STANDARD OF REVIEW

This Court will not set aside a district courtþs findings of fact unless the findings are clearly erroneous.  Rule 52(a), M.R.Civ.P.;  Wareing v. Schreckendgust (1996), 930 P.2d 37, 41, 53 St.Rep. 1362, 1364; Interstate Production Credit Assþn v. DeSaye (1991), 250 Mont. 320, 323, 820 P.2d 1285, 1287.   This Court will not set aside a district courtþs conclusions of law unless the conclusions reflect an incorrect interpretation of the applicable law.  Boreen v. Christensen (1996), 930 P.2d 67, 53 St.Rep. 1450; Carbon County v. Union Reserve Coal Co., Inc. (1995), 271 Mont. 459, 898 P.2d 680.  Moreover, we have held that

[s]ubject to statutory restrictions, the selection of the person to be appointed guardian is a matter which is committed largely to the discretion of the appointing court, and an appellate court will interfere with the exercise of this discretion only in case of a clear abuse.

In the Matter of the Guardianship of Nelson (1983), 204 Mont. 90, 94,  663 P.2d 316, 318 (citation omitted).  In reviewing the District Courtþs determination, we will give paramount consideration to the best interests of the children.  Section 72-5-223, MCA.

DISCUSSION

Did the District Court abuse its discretion in concluding that Martin was not subject to an inherent conflict of interest that would preclude her from serving as the childrenþs conservator and guardian ad litem?

The parties agree that the potential interests of the children should be overseen by a conservator and a guardian ad litem.  Section 72-5-410, MCA, lists who may be considered as a conservator to a protected person.  Under  72-5-410(1)(e), MCA, both parents are equally eligible to petition for conservatorship; neither is, by statute, favored over the other.  Section 72-1-303, MCA, provides, however, that "orders binding a

conservator bind the person whose estate he controls," but only "[t]o the extent there is no conflict of interest between them or among persons represented[.]" Section 72-1-303(2)(b), MCA. Finally, 41-5-512, MCA, which provides for the appointment of a guardian ad litem, states in part: The court at any stage of a proceeding on a petition under this chapter may appoint a guardian ad litem for a youth if the youth has no parent or guardian appearing on his behalf or if their interests conflict with those of the youth.

Upon review, we conclude that the District Court did not err in determining that Martin does not suffer from a conflict of interest that would preclude her from serving as guardian ad litem and conservator to the children. The District Court found that Martin "would fulfill her fiduciary duties to her children tenaciously, considering

both their emotional needs as well as their future financial security."  This finding was supported by Martinþs testimony that she would not hesitate to act in her childrenþs best interests, even to the detriment of her husband.  Martin further testified that she recognized that a suit against the ranch likely would be necessary to safeguard the childrenþs interests.

The evidence presented  showed that Martin is an extremely involved and protective mother who dedicates great time, love and attention to her children.  The evidence also showed that Watson is much less involved in his childrenþs lives.  By his own admission, the challenges of his career and new marriage have not allowed him to see the children as often as he would like.   For these reasons, Watson does not exercise his visitation rights consistently.  Martin testified that, at the time of trial, Watson had not had their daughters to his home for an overnight visit in more than a year.

Watson contends that the above evidence is largely irrelevant to the determination of who should be the conservator and guardian ad litem to the children.  We cannot agree.  An argument that the Court should look solely at Martinþs alleged conflict of interest ignores the District Courtþs responsibility to make a determination which serves the best interests of the children.

Watson cites several cases for the proposition that any potential conflict of interest should serve to bar an individual from serving as a guardian ad litem or conservator. See In the Matter of the Estate of Peterson, (1994), 265 Mont. 104, 874 P.2d 1230; In re Marriage of Tesch (1982), 199 Mont. 240, 648 P.2d 293; In the Matter of the Estate of Peter C. (Me.1985), 488 A.2d 468.  We do not find these cases persuasive.  None parallel or approximate the admittedly very unique facts presented in the case at bar, and none present situations where, as here, the court must give paramount consideration to the best interests of the children involved.  The District Court decided that the childrenþs best interests would  be served by the appointment of their mother as their guardian ad litem and conservator.  Upon review, we determine that the District Court did not err.

Affirmed.

/S/  WILLIAM E. HUNT, SR.


We Concur:

/S/  J. A.  TURNAGE
/S/  KARLA M. GRAY
/S/  W. WILLIAM LEAPHART
/S/  JAMES C. NELSON