JUSTICE McKINNON,
dissenting.
¶22 I dissent. In my view, statutory requirements were not followed when the District Court appointed a guardian ad litem for the children and for this reason, an abuse of discretion must necessarily be found. In re Guardianship of Nelson, 204 Mont. 90, 94, 663 P.2d 316, 318 (1983).
¶23 The Court construes the requirements of § 25-5-301, MCA, as allowing for an appointment “in contemplation” of litigation, Opinion ¶ 12, despite the clear language of § 25-5-301, MCA, allowing for an appointment only when a minor is a “plaintiff,” a “defendant,” or a “party to an action or proceeding.” A guardian ad litem is “[a] guardian, usually a lawyer, appointed by the court to appear in a lawsuit on behalf of an incompetent or minor party.” Black’s Law Dictionary, 822 (Bryan A. Gamer ed., 10th ed. 2014) (emphasis supplied). There is no authority for a court to appoint a guardian ad litem for minor children, *469 against the wishes of the children’s only surviving parent, when no proceeding is pending before the court. While we have considered potential conflicts of interest concerning a parent which may necessitate an appointment to protect the children’s interest in pending litigation, it has always been within the context of protecting the minor’s interests in litigation currently before the court. See In re Estate of C.K.O., 2013 MT 72, 369 Mont. 297, 297 P.3d 1217 and In re Watson, 283 Mont. 57, 939 P.2d 982 (1997). We have never appointed a guardian ad litem absent a pending proceeding simply for the purpose of allowing the guardian ad litem to investigate potential claims against a parent who is fit.
¶24 It is important to note that the initial guardian ad litem’s involvement with the children was pursuant to a limited conservatorship proceeding and that the purpose for establishing the limited conservatorship was realized several months prior to the instant petition for appointment of another guardian ad litem. The order appointing a conservator specifically recognized that all parties agreed that “the scope of the conservatorship should be limited to oversight of the settlement funds.” Consistent with this stipulation, the District Corut limited the conservatorship as follows: “The scope of Mr. Reiner’s duties as Conservator shall be limited to the approval of the settlement funds from Safeco and the oversight of the same in a custodial, fee-based account established by Dave Shepard with Edward Jones and maintained in accordance with the recommendations made by Mr. Shepard.” Therefore, any authority and justification for the court’s interference into the private lives of this family was limited by the terms of the conservatorship order agreed to by the father. The District Court did not authorize the guardian to have any authority outside the confines of the limited conservatorship which was established as a vehicle for receipt of the Safeco funds. The Safeco settlement funds had been received and deposited and all that remained was for the conservator to file annual accountings. We are incorrect to extend the limited representative capacity of the guardian ad litem, initially allowed through agreement of the father, to investigate insurance claims against the father, his deceased wife, and father’s business, and for the purpose of satisfying the “friend” criteria of §25-5-301, MCA.
¶25 Significant to the instant proceedings is the fact that the father has never been declared an unfit parent. The intrusion into this family’s life allowed by the court is to allow investigation of potential insurance claims, despite every indication that the family is financially sound and father has a profitable business. In pursuing more *470 insurance recovery, it will be necessary to allege negligence by the father, his deceased wife, or both, and to delve further into the inquiry of which parent was driving. The children will likely be involved in discovery as they are peculiarly situated to know the habits and customs of their parents, particularly as they relate to who might have been driving. Here, the District Court recognized the conflicts within the family which may result from contested insurance coverage litigation. Absent statutory authority allowing a court to interfere, there is no justification for appointment of a guardian ad litem to usurp a father’s decisions regarding what is in his children’s best interests.
¶26 It is axiomatic that parents are allowed to make decisions, without interference by this Court, concerning the well-being of their family. The fundamental right to parent includes the interest of the parent in the “companionship, care, custody and management of his or her children,” Stanley v. Illinois, 405 U.S. 645, 651, 92 S. Ct. 1208, 2012 (1972) (emphasis supplied), and it is beyond peradventure that “freedom of personal choice in matters of... family fife is one of the liberties protected by the Due Process Clause of the Fourteenth Amendment.” Cleveland Bd. of Educ. v. LaFleur, 414 U.S. 632, 639-40, 94 S. Ct. 791, 796 (1974). “So long as a parent adequately cares for his or her children (i.e., is fit), there will normally be no reason for the State to inject itself into the private realm of the family to further question the ability of that parent to make the best decisions concerning the rearing of that parent’s children.” Troxel v. Granville, 530 U.S. 57, 68-69, 120 S. Ct. 2054, 2061 (2000). It is not our place to interfere with the decisions of a parent absent evidence that the parent is unfit or litigation involving the child is pending. Parents on a regular basis must make difficult decisions on behalf of their children, many of which involve conflicts of interest. If conflicts of interest disable a parent from making financial decisions about his child, as we hold here, then we have begun the slippery descent of attempting to decide what financial conflicts appropriately require consideration by a guardian ad litem. The authority to interfere in the personal affairs of family, for this reason alone, is narrowly circumscribed by statute — and, more particular to these proceedings, by the order granting a limited conservatorship.
¶27 The court sets forth only part of the standard of review. The correct, and entire, statement of the standard of review is: “subject to statutory restrictions, the selection of the person to be appointed is a matter which is committed largely to the discretion of the appointing court.” Nelson, 204 Mont. at 94, 663 P.2d at 318 (emphasis supplied). *471 Our review thus requires us to first determine whether there was statutory authority allowing for appointment of a guardian. Section 25-5-301, MCA, does not allow appointment for the purpose of investigating claims against a fit parent. Here, there is no statutory authority for appointment of a guardian ad litem. The guardian ad litem, based upon the specific terms of the order granting the limited conservatorship, cannot extend his representative capacity for purposes of investigating new claims not pending before the court.
¶28 I dissent.